*December*, 1824.                    Creighton *against* Denby.

On writ of Error
on judgment on
motion to quash
execution, the
Statute of limita-
tions does not run
from the time of
the original judg-
ment ; and the
Appellate Court
will look back to
the original judg-
ment and quash
the execution, if
not supported by
it.

JUDGE *Minor* delivered the opinion of the Court.

It is assigned as Error that the Circuit Court overruled
the motion to quash the execution.

For the defendant it has been contended that the writ
of Error is barred by the Statute of limitations, and that
it will not lie on the decision of the Circuit Court over-
ruling the motion to quash. The motion to quash appears
to have been decided at *November* Term, 1821, and the writ
of Error to have issued on the 19th day of the same
month. This decision was a final judgment on the matter
therein litigated, and the party dissatisfied had a right to
have it reviewed in this Court. 2 Wash. 135. 2 H. and
Mun. 181. 2 Haywood, 136. *The State* vs. *Phleming.*
ante, 42. The execution which appears to have been the
subject of the motion, issued on the 17th day of *July*, 1821,
in favour of the defendant against the plaintiff in Error for
$360$\frac{30}{100}$ debt, and $48$\frac{10}{100}$ costs, and purports to have been
founded on a judgment of the Circuit Court of *Baldwin*
County. Another execution between the same parties ap-
pears in the transcript of the Record, dated 10th day of
*April*, 1814, purporting to be founded on a judgment of the
Superior Court of that County for $1155$\frac{50}{100}$ debt, and $22$
$\frac{30}{100}$ damages. Neither of the executions sets out the date
of the judgment. No judgment in a case between these
parties appears in the Record. But it appears that on the
minutes of the Circuit Court of *Baldwin* County, or of the
Court whose Records were transferred to that Court, an
entry was made in the year 1814, entitled in the case be-
tween *James Denby* & Co. vs. *Edward Creighton*, as fol-
lows : "Motion by Attorney *Carson* that execution issue
agreeable to the sum sworn to ; motion granted." No sum

is expressed in this entry, and the Record does not shew the sum sworn to. If it could be considered as a judgment, it is not a judgment in a case between the parties to the execution which was the subject of the motion. This execution did not issue until about seven years after the date of the entry. No execution appears to have issued in the mean time on the supposed judgment. The execution for $1155$\frac{50}{100}$, &c. on a judgment of the Superior Court of *Baldwin* County does not appear to have any connexion with this. The judgment of the Circuit Court must be reversed, and the execution last set out in the Record, and dated 17th of *July*, 1821, quashed.